# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JANET EDWARDS, ) | |
| TINA BUCHANAN, AND ) | |
| BETSY BRIGHAM-HOKE, ) | |
| ) | |
| **Plaintiffs,** ) | Civil Action No. _____ |
| ) | |
| v. ) | **Jury Trial Requested** |
| ) | |
| CLINICAL RESEARCH ) | |
| CONSULTANTS, INC., ) | |
| JAMES RICHARD KILGORE, ) | |
| LAURA FARLEY, AND ) | |
| ROXANNE REEVES, ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

1. This action is brought by Plaintiffs for purposes of obtaining relief under the Federal Fair Labor Standards Act of 1938 as amended, 29 U.S.C. §201 *et. seq*. (hereinafter "FLSA") for unpaid compensation, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate. Simultaneously, Plaintiffs assert Alabama state law claims under the theories of breach of contract, quantum meruit and unjust enrichment.

## JURISDICTION AND VENUE

2. District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b), 217, and 28 U.S.C. §§ 1331, 1367.

3. This court is the proper venue pursuant to 28 U.S.C. §1391(b) for all causes of action stated herein took place within this Court's jurisdictional boundaries.

4. Defendants are subject to the jurisdiction of this Court.

**PARTIES**

5. Plaintiff, Janet Edwards, is over the age of twenty-one and a resident of Chilton County, Alabama. She was employed by the Defendants in Birmingham from February 2001 to October 4, 2013. She hereby consents to sue Defendants under 29 U.S.C. §216(b).

6. Plaintiff, Tina Buchannan, is over the age of twenty one and a resident of Jefferson County, Alabama. She was employed by the Defendants in Birmingham, from July 2003 to June 27, 2013. She hereby consents to sue Defendants under 29 U.S.C. §216(b).

7. Plaintiff, Betsy Brigham-Hoke, is over the age of twenty one and a resident of Shelby County, Alabama. She was employed by the Defendants in Birmingham, from September 2000 to September 27, 2013. She hereby consents to sue Defendants under 29 U.S.C. §216(b).

8. Defendant Clinical Research Consultants, Inc. is a corporation organized under the laws of the State of Alabama and having a principal place of business in Jefferson County Alabama and subject to personal service upon its registered agent, James R. Kilgore, at 2517 Woodfern Circle, Hoover, AL 35244. The Defendant was, and at all relevant times had been, the employer of Plaintiffs within the meaning of 29 U.S.C. §203(d) and is not exempt under the Act.

9. Defendant James Richard Kilgore is over the age of 21 and a resident of Shelby County, Alabama. Defendant Kilgore is the president of Defendant Corporation and runs the day-to-day operations of Defendant Corporation including setting compensation, performing employee reviews, approving vacation requests, and directing which employee would work on which project and where. As Defendant Kilgore maintains

oversight and direction of employees as well as control of pay practices, Kilgore is subject to individual liability under the 29 U.S.C. §203(d).

10. Defendant Laura Farley is over the age of 21 and a resident of Jefferson County, Alabama. Defendant Farley is the VP of Operations of Defendant Corporation and assisted in the daily operations of Defendant Corporation. Among other things, Defendant Farley created and implemented company policies, recruited new clinical trials, oversaw employees, and signed payroll checks. Defendant Farley is subject to individual liability as an employer under 29 U.S.C. §203(d).

11. Defendant Roxanne Reeves is over the age of 21 and a resident of Jefferson County, Alabama. Defendant Reeves is the Controller of Defendant Corporation and assisted in the daily operations of Defendant Corporation. Defendant Reeves directly contributed to the failure to pay employees of Defendant Corporation. Defendant Reeves maintained overall responsibility of all accounting functions of Defendant Company including creating budgets. Defendant Reeves is subject to individual liability as an employer under 29 U.S. C. §2303(d).

## FACTUAL ALLEGATIONS

12. Plaintiff Janet Edwards began working for Defendants in or around February 2001 as a Coordinator. Edwards' duties included patient intakes, vitals, medicine distribution, and other general LPN duties. Edwards was compensated on a salary basis of $895.25 per week beginning in 2012.

13. Plaintiff Tina Buchanan began working for Defendants in or around July 2003 as a regulatory affairs manager. Buchanan's primary duty was to make sure clinical trials

complied with protocols and regulations. Buchanan was compensated on a salary basis of $866.82 per week beginning in 2012.

14. Plaintiff Betsy Brigham-Hoke began working for Defendants in or around September 2000 as Director of Regulatory Affairs and in 2006 was given the title of Accounting Assistant. Brigham-Hoke's primary job duties included payroll, contract negotiation, and general office management. Brigham-Hoke was compensated on a salary basis of $961.54 per week beginning in 2012.

15. During 2012 Defendant Corporation began struggling to meet the company's payroll.

16. Because of the longstanding personal and professional relationship Plaintiffs had with Defendant Kilgore, Plaintiffs continued to work on the promise that pay would be coming.

17. Upon information and belief, Plaintiff Edwards was not fully compensated as promised for a minimum of 15 weeks in 2012 and 2013.

18. Upon information and belief, Plaintiff Edwards did not receive any compensation for a minimum of 33 weeks in 2012 and 2013.

19. Upon information and belief, Plaintiff Buchanan was not fully compensated as promised for a minimum of 6 weeks in 2012 and 2013.

20. Upon information and belief, Plaintiff Buchanan did not receive any compensation for a minimum of 11 weeks in 2012 and 2013.

21. Upon information and belief, Plaintiff Brigham-Hoke did not receive full compensation as promised for a minimum of 9 weeks in 2012 and 2013.

22. Upon information and belief, Plaintiff Brigham-Hoke did not receive any compensation for a minimum of 21 weeks in 2012 and 2013.

## COUNT I – VIOLATIONS OF THE FLSA, 29 U.S.C. §§ 207, et seq.

23. Plaintiffs hereby reallege paragraphs 1-22 as though fully set forth herein.

24. Under 29 U.S.C. § 206 (a) "Every employer shall pay to each of his employees" wages not less than $7.25 an hour.

25. By engaging in the above described conduct, Defendants violated the FLSA with respect to Plaintiff Edwards.

26. As a direct and proximate result of the above described conduct, Edwards suffered lost wages.

27. Plaintiff Edwards is entitled to an award of unpaid wages for the time period commencing two years prior to the filing of this Complaint to the date of any final award of unpaid compensation.

28. Plaintiff Edwards is also entitled to an award of liquidated damages under the FLSA in an amount equal to the amount of unpaid wages, as well as prejudgment interest, attorney's fees, and costs, all to be determined at trial.

29. By engaging in the above described conduct, Defendants violated the FLSA with respect to Plaintiff Buchanan.

30. As a direct and proximate result of the above described conduct, Buchanan suffered lost wages.

31. Plaintiff Buchanan is entitled to an award of unpaid wages for the time period commencing two years prior to the filing of this Complaint to the date of any final award of unpaid compensation.

32. Plaintiff Buchanan is also entitled to an award of liquidated damages under the FLSA in an amount equal to the amount of unpaid wages, as well as prejudgment interest, attorney's fees, and costs, all to be determined at trial.

33. By engaging in the above described conduct, Defendants violated the FLSA with respect to Plaintiff Brigham-Hoke.

34. As a direct and proximate result of the above described conduct, Brigham-Hoke suffered lost wages.

35. Plaintiff Brigham-Hoke is entitled to an award of unpaid wages for the time period commencing two years prior to the filing of this Complaint to the date of any final award of unpaid compensation.

36. Plaintiff Brigham-Hoke is also entitled to an award of liquidated damages under the FLSA in an amount equal to the amount of unpaid wages, as well as prejudgment interest, attorney's fees, and costs, all to be determined at trial.

**COUNT II – WILLFUL VIOLATION OF FLSA, 29 U.S.C. § 207, et seq.**

37. Plaintiffs hereby reallege paragraphs 1-22 as though fully set forth herein.

38. By engaging in the above described conduct, Defendants knowingly, intentionally and willfully violated the FLSA with respect to Plaintiff Edwards.

39. Plaintiff Edwards is entitled to an award of unpaid wages for the time period commencing three years prior to the filing of this Complaint to the date of any final award of unpaid compensation.

40. Plaintiff Edwards is also entitled to an award of liquidated damages under the FLSA in an amount equal to the amount of unpaid wages, as well as prejudgment interest, attorney's fees, and costs, all to be determined at trial.

41. By engaging in the above described conduct, Defendants knowingly, intentionally and willfully violated the FLSA with respect to Plaintiff Buchanan.

42. Plaintiff Buchanan is entitled to an award of unpaid wages for the time period commencing three years prior to the filing of this Complaint to the date of any final award of unpaid compensation.

43. Plaintiff Buchanan is also entitled to an award of liquidated damages under the FLSA in an amount equal to the amount of unpaid wages, as well as prejudgment interest, attorney's fees, and costs, all to be determined at trial.

44. By engaging in the above described conduct, Defendants knowingly, intentionally and willfully violated the FLSA with respect to Plaintiff Brigham-Hoke.

45. Plaintiff Brigham-Hoke is entitled to an award of unpaid wages for the time period commencing three years prior to the filing of this Complaint to the date of any final award of unpaid compensation.

46. Plaintiff Brigham-Hoke is also entitled to an award of liquidated damages under the FLSA in an amount equal to the amount of unpaid wages, as well as prejudgment interest, attorney's fees, and costs, all to be determined at trial.

## COUNT III – BREACH OF CONTRACT

47. Plaintiffs hereby reallege paragraphs 1-22 as though fully set forth herein.

48. Plaintiffs and Defendants are parties capable of entering into a contract.

49. Plaintiffs and Defendants voluntarily entered into mutual agreements regarding compensation for employment.

50. Such agreements, though not in writing, are enforceable contracts under Alabama law.

51. Defendants agreed to compensate Plaintiff Edwards a salary of $895.25 per week for work performed.

52. Plaintiff Edwards performed work for Defendants for the weeks of July 16, 2012 through October 4, 2013.

53. Defendants knowingly and intentionally breached said contract by failing to compensate Edwards with her agreed upon salary for the work performed during the pertinent periods.

54. As a direct and proximate result of Defendants' breach, Edwards suffered lost wages, lost interest on the wages earned, legal fees, and has been otherwise injured and damaged.

55. Defendants agreed to compensate Plaintiff Buchanan a salary of $866.82 per week for work performed.

56. Plaintiff Buchanan performed work for Defendants for the weeks of July 16, 2012 through February 8, 2013.

57. Defendants knowingly and intentionally breached said contract by failing to compensate Buchanan with her agreed upon salary for the work performed during the pertinent periods.

58. As a direct and proximate result of Defendants' breach, Buchanan suffered lost wages, lost interest on the wages earned, legal fees, and has been otherwise injured and damaged.

59. Defendants agreed to compensate Plaintiff Brigham-Hoke a salary of $961.54 per week for work performed.

60. Plaintiff Brigham-Hoke performed work for Defendants for the weeks of August 2012 through September 27, 2013.

61. Defendants knowingly and intentionally breached said contract by failing to compensate Brigham-Hoke with her agreed upon salary for the work performed during the pertinent periods.

62. As a direct and proximate result of Defendants' breach, Brigham-Hoke suffered lost wages, lost interest on the wages earned, legal fees, and has been otherwise injured and damaged.

### COUNT IV – QUANTUM MERUIT AND/OR UNJUST ENRICHMENT

63. Plaintiffs hereby reallege paragraphs 1-22 as though fully set forth herein.

64. Defendants knowingly accepted Plaintiff Edwards' services in handling patients and other duties.

65. Plaintiff Edwards had a reasonable expectation of compensation dependent on her longstanding relationship with Defendant Kilgore, length of employment at Defendant Corporation, and Defendant Kilgore's acknowledgment that compensation would come.

66. Plaintiffs Edwards is entitled to the reasonable value of her services rendered for Defendants during 2012 and 2013.

67. Edwards' work enriched Defendants at the expense of Plaintiff Edwards.

68. Equity and good conscience require Defendants to make restitution and pay Plaintiff Edwards for her services rendered.

69. Defendants' failure to compensate Edwards would result in an unjust enrichment for Defendants.

70. Defendants knowingly accepted Plaintiff Buchanan's services in monitoring regulatory affairs and other duties.

71. Plaintiff Buchanan had a reasonable expectation of compensation dependent on her longstanding relationship with Defendant Kilgore, length of employment at Defendant Corporation, and Defendant Kilgore's acknowledgment that compensation would come.

72. Plaintiff Buchanan is entitled to the reasonable value of her services rendered for Defendants during 2012 and 2013.

73. Buchanan's work enriched Defendants at the expense of Plaintiff Buchanan.

74. Equity and good conscience require Defendants to make restitution and pay Plaintiff Buchanan for her services rendered.

75. Defendants' failure to compensate Plaintiff Buchanan would result in an unjust enrichment for Defendants.

76. Defendants knowingly accepted Plaintiff Brigham-Hoke's services in managing the general office and other duties .

77. Plaintiff Brigham-Hoke had a reasonable expectation of compensation dependent on her longstanding relationship with Defendant Kilgore, length of employment at Defendant Corporation, and Defendant Kilgore's acknowledgment that compensation would come.

78. Plaintiff Brigham-Hoke is entitled to the reasonable value of her services rendered for Defendants during 2012 and 2013.

79. Brigham-Hoke's work enriched Defendants at the expense of Plaintiff Brigham-Hoke.

80. Equity and good conscience require Defendants to make restitution and pay Plaintiff Brigham-Hoke for her services rendered.

81. Defendants' failure to compensate Plaintiff Brigham-Hoke would result in an unjust enrichment for Defendants.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully pray for the following relief:

a. Require Defendants to pay each Plaintiff damages for unpaid wages for the weeks at issue in this case;

b. Require Defendants to pay each Plaintiff liquidated damages as provided for under the Fair Labor Standards Act;

c. Issue a declaratory judgment that Defendants have engaged in unlawful employment practices in violation of the FLSA with respect to each Plaintiff;

d. Require Defendants to pay each Plaintiff damages as provided for under Alabama law for Defendants' willful breaches of contract in refusing to pay each Plaintiff for her work performed;

e. Require Defendants to pay each Plaintiff restitution under the theories of unjust enrichment and/or quantum meruit for the services each Plaintiff performed at her detriment, which enriched Defendants;

f. Issue a declaratory judgment that Defendants breached each contract in violation of Alabama law by refusing to pay each Plaintiff for her work;

g. Issue a declaratory judgment that Defendants were unjustly enriched by each Plaintiff's services;

h. Award each Plaintiff her reasonable attorneys' fees and costs and expenses of suit; and

i. Provide such other and further relief as the Court may deem just and proper.

# JURY DEMAND

Each Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which there is a right to a jury trial.

                                     **Respectfully submitted,**
                                     ***/s/ Leslie A. Palmer***
                                     Leslie A. Palmer (PAL024)
                                     ASB-0436-L40P
                                     Attorney for Plaintiffs

OF COUNSEL:
Palmer Legal Services
PO Box 35
Kimberly AL, 35091
Tel: (205) 285-3050
Email: leslie@palmerlegalservices.com

DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL
**CLINICAL RESEARCH CONSULTANTS, INC.**
C/O JAMES R. KILGORE, REGISTERED AGENT
and James Richard Kilgore Individually
2517 Woodfern Circle
Hoover, AL 35244

Laura Farley
309 Lynn Drive
Sylvan Springs, AL 35118

Roxanne Reeves
2853 North Road
Gardendale, AL 35071