IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JANET EDWARDS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Case No.   2:15-cv-902-TMP |
| ) | |
| CLINICAL RESEARCH ) | |
| CONSULTANTS, INC., JAMES ) | |
| R. KILGORE, LAURA FARLEY, ) | |
| and ROXANNE REEVES, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on the motion to dismiss or, in the alternative, for a more definite statement, filed by defendant Roxanne Reeves on July 3, 2015. (Doc. 10). The plaintiff filed a brief in opposition on August 3, 2015. (Doc. 18). The parties have consented to the jurisdiction of the undersigned magistrate judge; accordingly, the court enters this Memorandum Opinion.

## BACKGROUND

The plaintiffs filed a complaint (doc. 1) against Clinical Research Consultants, Inc., ("CRC"), James Richard Kilgore, Laura Farley, and Roxanne Reeves, alleging that they were employed by CRC, and that they performed work for CRC but were

not paid for all of the hours they worked, in violation of the Fair Labor Standards Act of 1938, 20 U.S.C. § 201 *et seq*. ("FLSA"), and in violation of state law principles governing contractual and quasi-contractual relations. The complaint asserts that CRC was plaintiffs' employer, and that Kilgore was its president; Farley a vice president, and Reeves its controller.

In the motion to dismiss, Reeves asserts that the complaint contains insufficient factual allegations to support plaintiff's claims for relief against her under the federal Fair Labor Standards Act and under Alabama law regarding breach-of-contract and quantum meriut. Reeves argues that plaintiff's allegations that she "is the Controller" of CRC, and "assisted in the daily operations" of CRC, including maintaining "overall responsibility of all accounting functions including creating budgets" (doc. 1, paragraph 11) are conclusory and insufficient to support a claim under the FLSA or state law.

Reeves seeks dismissal of all of the plaintiffs' claims on the basis of Federal Rule of Civil Procedure 12(b)(6), asserting that the allegations of the complaint fail to meet the pleading standards established by the Supreme Court decisions in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2009).

## STANDARD OF REVIEW

Before the Supreme Court decided <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a court could dismiss a complaint only where it was clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," as set forth in <u>Conley v. Gibson</u>, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). The well established Rule 12(b)(6) standard set forth in <u>Conley</u> was expressly rejected in <u>Twombly</u> when the Supreme Court examined the sufficiency of a plaintiff's complaint and determined:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

550 U.S. at 555 (citations omitted). The Court went on to criticize <u>Conley</u>, stating that "[t]he 'no set of facts' language has been questioned, criticized, and explained away long enough" by courts and commentators, and "is best forgotten as an incomplete,

negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 562-63.  The Supreme Court emphasized, however, that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570.  The Supreme Court expanded on the Twombly standard when it decided Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009), reiterating the Twombly determination that a claim is insufficiently pleaded if it offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Iqbal, 129 S. Ct. at 1949.  The Court further explained:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.... Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."

Iqbal, 129 S. Ct. at 1949–50 (citation omitted). See also Sinaltrainal v. Coca–Cola Co., 578 F.3d 1252 (11th Cir. 2009) ("The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss" and "the well-pled allegations must nudge the claim 'across the line from conceivable to plausible'" (quoting Iqbal and Twombly)). Applying these standards, the court examines the merits of the defendant's motion to dismiss.

## DISCUSSION

The FLSA claim may properly be brought against an employer, which includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes ... anyone acting in the capacity of officer...." 29 U.S.C. § 203(d). As the Eleventh Circuit Court of Appeals explained in Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299, 1314 (11th Cir. 2013):

> The Act defines the term "employer" broadly to include "both the employer for whom the employee directly works as well as 'any person acting directly or indirectly in the interests of an employer in relation to an employee.' " Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1298 (11th Cir. 2011) (quoting 29 U.S.C. § 203(d)). Based on this broad definition, we have joined the "overwhelming weight of authority" and held that "a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid

>wages." Patel v. Wargo, 803 F.2d 632, 637–38 (11th Cir.1986) (quoting Donovan v. Agnew, 712 F.2d 1509, 1511 (1st Cir.1983)).

711 F.3d at 1309. The court held that the FLSA should be construed broadly enough to find that liability can exist for corporate employees, even those who are not officers, if they "assume more operational control." 711 F.3d at 1311. How far that liability can extend is not defined by a label, office, or title, but by "circumstances of the whole activity." Id.

Under prevailing law, a complaint must do more than allege liability by labeling a defendant or concluding that the defendant violated the law; it must provide some facts that support the legal conclusions. In this case, the complaint does more than label Reeves as an employer – it describes her role in the company as one in which she was responsible for "all accounting functions" and "directly contributed to the failure to pay employees." This description, while not entirely fleshed out, is more than a mere label or conclusion, and the FLSA has been construed to include liability for some individuals who exercise control over the pay functions of the employer corporation. It is sufficient to make plausible that Reeves exercised sufficient power in her role of Controller that she could have acted as an employer under the FLSA.

Defendant also has moved for dismissal of the state-law claims. In her response, plaintiff concedes that she does not allege sufficient facts to support her state-law claims for breach of contract or quantum meruit, and does not oppose dismissal of those claims.

## **CONCLUSION**

In sum, the court finds that the plaintiff has not pleaded (and perhaps did not intend to plead) claims of breach of contract or quantum meruit against Reeves. Therefore, the motion is due to be and hereby is GRANTED as to Counts III and IV, and those counts are DISMISSED WITH PREJUDICE as to Reeves. The court also finds that plaintiff's claim against Reeves for relief under the FLSA is sufficiently pleaded to withstand the defendant's Rule 12(b)(6) challenge. Accordingly, the motion is due to be and hereby is DENIED as to the FLSA claim against Reeves.

Reeves is DIRECTED to file an answer within 21 days.

DATED the 2nd day of December, 2015.

T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE